Kehoe vs. Burns and another.

KEHOE, Appellant, vs. BURNS and another, Respondents.

*February 21 — March 21, 1893.*

*Conveyance of land: Competency of grantor: Fraud: Evidence.*

A father conveyed all his real estate to his two daughters in considera-
tion of a covenant by them to support him during his life. In an
action by a son to set aside such conveyance, the evidence is *held*
to sustain findings by the trial court that the father was mentally
competent at the time to make such conveyance and that the same
was not obtained by any fraudulent or unlawful means.

APPEAL from the Circuit Court for *Columbia* County.
*John M. Kehoe,* the plaintiff, and *Mary Burns* and *Julia
Kiernan,* the defendants, together with their brother, Ed-
ward Kehoe, are the children and only heirs at law of
Michael Kehoe, who died intestate in April, 1891. About
three months before his death, Michael Kehoe executed to
his two daughters, *Mrs. Burns* and *Mrs. Kiernan,* a con-
veyance of all his real estate, in consideration whereof they
executed to him a mortgage on the same land to secure the
performance by them of a covenant to support and main-
tain their father during his natural life. The plaintiff
brought this action to procure the cancellation of such con-
veyance, alleging in his complaint that it was obtained by
undue and improper influence exerted by his sisters over
their father, and that when he executed the same their
father was not mentally competent to make a valid convey-
ance or disposition of his property. These allegations are
denied in the answer of defendants. The cause was tried,
and the court found from the testimony that when Michael
Kehoe executed the conveyance in question he was of
sound disposing mind and memory, and physically and
mentally able and competent to transact the business in
which he was then engaged; that he freely, voluntarily,
and understandingly executed and delivered such convey-

ance to his daughters, in consideration of the bond and mortgage executed and delivered by them to him, condi-tioned for his support and maintenance; that he was not indebted to the plaintiff; and that no fraud, deceit, misrep-resentation, undue influence, or other unlawful means was resorted to by either defendant to obtain such conveyance. On the above findings the circuit court gave judgment for the defendants, dismissing the complaint on the merits, with costs. The plaintiff appeals from the judgment.

For the appellant there was a brief by *G. W. Stephens*, attorney, and *H. W. Lander* of counsel, and oral argument by *Mr. Stephens*.

*John S. Maxwell*, for the respondents.

LYON, C. J. No disputed proposition of law is involved in the determination of this case. It presents only the questions of fact, (1) Was Michael Kehoe of sound disposing mind and memory when he executed the conveyance to his daughters, sought to be canceled and set aside by this action? and (2) Was such conveyance obtained by any fraudulent or unlawful means? A large amount of conflict-ing testimony, bearing more or less directly on these ques-tions of fact, was introduced on the trial. After hearing such testimony the learned circuit judge reached the con-clusion that the plaintiff had failed to prove the cause of action alleged in his complaint, and hence gave judgment for the defendants. We have carefully examined the case, and it must be conceded, we think, that the testimony on the part of the defendants is sufficient, if true, to uphold the judgment. The court, whose duty it was to determine the weight of the testimony, believed it true, and findings and judgment for defendants were the necessary results. We are unable to say that such findings and judgment are against a clear and satisfactory preponderance of the testi-mony. Indeed, they are fully supported by much testi-

mony, the truth of which we perceive no very good reason
to doubt.    Statement and discussion here of the testimony
would be no utility.    The case is probably one in which
findings either way could not properly be disturbed by
this court on appeal.    Certainly there is too much, and too
persuasive, testimony in support of the judgment to justify
a reversal thereof by this court on the proofs.

By the Court.— Judgment affirmed.